WOODRUFF, SPRADLIN & SMART, APC
DANIEL K. SPRADLIN - State Bar No. 82950
dspradlin@wss-law.com
WALTER M. CRANDALL - State Bar No. 250976
wcrandall@wss-law.com
555 Anton Boulevard, Suite 1200
Costa Mesa, California 92626-7670     NOTE: CHANGES MADE BY THE COURT
Telephone:  (714) 558-7000
Facsimile:  (714) 835-7787

Attorneys for Defendants CITY OF BEVERLY HILLS, a public
entity, and Officer ZACHARY TRAVNITZ, as an employee of the
City of Beverly Hills, a public entity

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENARD OWENS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BEVERLY HILLS; a public entity; ZACHARY TRAVNITZ, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:21-cv-01738 AB (JPRx)<br><br>BEFORE THE HONORABLE ANDRE BIROTTE JR.<br><br>**"DISCOVERY MATTER"**<br><br>**STIPULATION RE: [PROPOSED] PROTECTIVE ORDER** |

Plaintiff RENARD OWENS and Defendants CITY OF BEVERLY HILLS, a public entity, and Officer ZACHARY TRAVNITZ, as an employee of the City of Beverly Hills, a public entity, by and through their respective counsel, hereby stipulate and agree as follows:

## 1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does

1

not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not automatically entitle them to file confidential information under seal and that Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. This order is necessary to allow Plaintiff to prosecute – and permit Defendants to defend – this civil rights action. The parties agree that this protective order does not waive the parties' rights to object to discovery demands or requests for documents and/or information.

## 2.   **GOOD CAUSE STATEMENT**

This action is likely to involve medical records and law enforcement records for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.   Such confidential materials and information may consist of, among other things, medical records and law enforcement records (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.   Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.   It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith

1657732.1

belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.**    **DEFINITIONS**

    **3.1**    **Action**: Owens v. City of Beverly Hills, et al. Case No. 2:21-cv-01738 AB (JPRx).

    **3.2**    **Challenging Party**: A Party or Non-Party that challenges the designation of information or items under this Order.

    **3.3**    **"CONFIDENTIAL" Information or Items:** information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. This also includes (1) any information copied or extracted from the Confidential information; (2) all copies, excerpts, summaries, abstracts or compilations of Confidential information; and (3) any testimony, conversations, or presentations that might reveal Confidential information.

    **3.4**    **Counsel**: Counsel of record for the parties to this civil litigation and their support staff.

    **3.5**    **Designating Party**: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    **3.6**    **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    **3.7**    **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

    **3.8**    **Final Disposition**: when this Action has been fully and completely terminated by way of settlement, dismissal, trial and/or appeal.

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

1657732.1

**3.9    House Counsel**: attorneys other than Counsel (as defined in paragraph 3.4) and who are employees of a party to this Action.

**3.10    Non-Party**: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

**3.11    Outside Counsel of Record**: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

**3.12    Party**: any party to this Action, including all of its officers, directors, boards, departments, divisions, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**3.13    Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**3.14    Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**3.15    Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

**3.16    Receiving Party**: A Party that receives Disclosure or Discovery Material from a Producing Party.

**4.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, abstracts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

///

4

1657732.1

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**5.   DURATION**

Once a trial commences in this Action, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order and that is introduced or admitted as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial as to the CONFIDENTIAL information and materials introduced or admitted as an exhibit at trial.

**6.   DESIGNATING PROTECTED MATERIAL**

**6.1   Exercise of Restraint and Care in Designating Material for Protection.**

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party

5

1657732.1

to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**6.2   Manner and Timing of Designations.**   Except as otherwise provided in this Order (see, e.g., second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or words of a similar effect, and that includes the case name and case number (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

6

protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**6.3** **Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**7.1** **Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

**7.2** **Meet and Confer**. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

**7.3** **Burden and Protection During Challenge.** The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question

7

the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 8.   ACCESS TO AND USE OF PROTECTED MATERIAL

**8.1   Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**8.2   Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a

1657732.1

custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit "A" hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit "A"), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions or appointed by the Court and, except as to judicial officers, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**8.3.**    Counsel making the disclosure to any qualified person described herein shall retain the original executed copy of the Acknowledgment and Agreement to Be Bound until sixty (60) days after this litigation has become final, including any appellate review, and monitoring of an injunction. Counsel for the Receiving Party shall maintain all signed Acknowledgments and Agreements to Be Bound and shall produce the original signature page upon reasonable written notice from opposing counsel. If an issue arises regarding a purported unauthorized disclosure of Confidential Information, counsel for the Receiving Party may be required to submit the signed Acknowledgments and Agreements to Be Bound, as well as a list of the disclosed materials, in camera with the Court having jurisdiction of the Stipulation.

**9.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1    "CONFIDENTIAL," that Party must:

2    ///

3         (a) promptly notify in writing the Designating Party. Such notification shall

4    include a copy of the subpoena or court order unless prohibited by law;

5         (b) promptly notify in writing the party who caused the subpoena or order to

6    issue in the other litigation that some or all of the material covered by the subpoena or

7    order is subject to this Protective Order. Such notification shall include a copy of this

8    Stipulated Protective Order; and

9         (c) cooperate with respect to all reasonable procedures sought to be pursued by

10   the Designating Party whose Protected Material may be affected.

11        The Party served with the subpoena or court order shall not produce any

12   information designated in this action as "CONFIDENTIAL" unless the Party has

13   obtained the Designating Party's permission or a Court so orders. Nothing in these

14   provisions should be construed as authorizing or encouraging a Receiving Party in this

15   Action to disobey a lawful directive from another court.

16   **10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

17         **PRODUCED IN THIS LITIGATION**

18        (a)   The terms of this Order are applicable to information produced by a Non-

19   Party in this Action and designated as "CONFIDENTIAL." Such information

20   produced by Non-Parties in connection with this litigation is protected by the

21   remedies and relief provided by this Order. Nothing in these provisions should be

22   construed as prohibiting a Non-Party from seeking additional protections.

23        (b)   In the event that a Party is required, by a valid discovery request, to

24   produce a Non-Party's confidential information in its possession, and the Party is

25   subject to an agreement with the Non-Party not to produce the Non-Party's

26   confidential information, then the Party shall:

27            (1)   promptly notify in writing the Requesting Party and the Non-Party

28              that some or all of the information requested is subject to a

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-Party, if requested.

(c)   If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court provided the Court so allows.

**13.    MISCELLANEOUS**

**13.1    Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**13.2    Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**13.3    Filing Protected Material.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5.2.2(b) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5.2.2(b)(ii) unless otherwise instructed by the court.

///

1657732.1

///

**14.**   **FINAL DISPOSITION**

After the FINAL DISPOSITION of this Action, as defined in paragraph 3.8, within 30 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

**15.**   **VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  January 31, 2022          WILLIAMS & SEEMAN


                                  By: /s/Bart Seeman_____
                                      BART SEEMAN
                                      Attorneys for Plaintiff
                                      RENARD OWENS

DATED: Janaury 31, 2022          LAW OFFICES OF ERIN DARLING


                                  By: /s/Erin Darling_____
                                      ERIN DARLING

13

1657732.1

Attorneys for Plaintif
RENARD OWENS

DATED: January 31, 2022          WOODRUFF, SPRADLIN & SMART, APC


By: _/s/Walter M. Crandall_____
DANIEL K. SPRADLIN
WALTER M. CRANDALL
Attorneys for Defendants CITY OF
BEVERLY HILLS, a public entity, and
Officer ZACHARY TRAVNITZ, as an
employee of the City of Beverly Hills, a
public entity

Pursuant to local 5-4.3.4, I, Walter M. Crandall, attest that Bart Seeman and Erin Darling concur with the content of this joint stipulated protective order and have authorized the filing of the same.

DATED: January 31, 2022          WOODRUFF, SPRADLIN & SMART, APC


By: _/s/Walter M. Crandall_____
DANIEL K. SPRADLIN
WALTER M. CRANDALL
Attorneys for Defendants CITY OF
BEVERLY HILLS, a public entity, and
Officer ZACHARY TRAVNITZ, as an
employee of the City of Beverly Hills, a
public entity

1657732.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED:  February 1, 2022

_____

Jean P. Rosenbluth,
U.S. Magistrate Judge

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1657732.1

15

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of Owens v. City of Beverly Hills, et al., United States District Court Case No. 2:21-cv-01738 AB (JPRx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

16

1657732.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1657732.1

1

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and not a party to the within action; I am employed by WOODRUFF, SPRADLIN & SMART in the County of Orange at 555 Anton Boulevard, Suite 1200, Costa Mesa, CA 92626-7670.

On January 31, 2022, I served the foregoing document(s) described as **STIPULATION RE: [PROPOSED] PROTECTIVE ORDER**

☒    by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

☐    by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐    **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of WOODRUFF, SPRADLIN & SMART for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☒    **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐    **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by _____ to receive said documents, with delivery fees provided for. I am readily familiar with the practices of WOODRUFF, SPRADLIN & SMART for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by _____ on said date in the ordinary course of business.

☐    **(BY PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee(s).

☐    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on January 31, 2022 at Costa Mesa, California.

*s/Kathleen Moore*_____
Kathleen Moore

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

1657732.1

18

1

2

## <u>RENARD OWENS v. CITY OF BEVERLY HILLS, ET AL.</u>

3

## SERVICE LIST

4

Bart A. Seemen                                    Attorneys for Plaintiff
Williams & Seemen, A.P.L.C.                        RENARD OWENS

5

16255 Ventura Blvd., Suite 1106
Encino, CA 91436

6

Telephone:  (818) 898-8300
Facsimile:  (818) 574-3006

7

Email:  bas@latrialteam.com
Email:  adw@latrialteam.com

8

9

Erin Darling                                       Attorneys for Plaintiff
Law Offices of Erin Darling                        RENARD OWENS

10

3435 Wilshire Boulevard, Suite 2910
Los Angeles, CA 90010

11

Telephone:  (323) 736-2230
Email:  erin@erin@erindarlinglaw.com

12

13

14    12/02/21

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1657732.1